

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

January 16, 2020

**BY ECF AND HAND**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    United States v. Jadair Newkirk, S3 19 Cr. 171 (KMK)

Dear Judge Karas:

    The Government respectfully submits this letter in advance of sentencing of defendant Jadair Newkirk, currently scheduled for January 21, 2020 at 10:00 a.m., and in response to defendant's sentencing memorandum dated January 7, 2020

    Jadair Newkirk is a recidivist drug dealer. This is his fourth narcotics felony and his sixth felony overall. He has spent much of his adult life incarcerated in various state prisons, but none of his prior substantial sentences did anything to deter him from continuing to deal heroin in the instant case. He joined a narcotics conspiracy with Marcus George beginning in about 2017, while on parole and just a few months after his release from another substantial term of imprisonment. He was arrested driving a car in December 2018 with Marcus George and another man, with more than 100 grams of heroin near George. But even this close call did not dissuade him: he continued to deal drugs, selling heroin to an undercover, up to March 20, 2019, when he was arrested. For the reasons set forth below, the only appropriate sentence for Newkirk is a substantial incarceratory sentence, namely one within the Sentencing Guidelines of 77 to 96 months' imprisonment.

**A.  Instant Offense Conduct**

    Jadair Newkirk conspired with Marcus George and others to distribute heroin in and around Newburgh. (Presentence Investigation Report, "PSR," ¶ 7). On December 26, 2018, officers with the Town of New Windsor Police Department stopped a car operated by Newkirk. (PSR ¶ 9). George, who was sitting in the rear passenger seat, fled from the vicinity. (PSR ¶ 9). In front of the seat where George had been sitting the officers found approximately 115 grams of heroin and paraphernalia for packaging heroin. Newkirk was arrested, charged with New York State drug offenses, and bailed. A few months later, though, Newkirk began selling narcotics to an undercover officer working with the Orange County Drug Task Force. (PSR ¶ 11). On March 20, 2019, after completion of a narcotics transaction, the officers went to arrest Newkirk in Newkirk's car; he drove away at a high rate of speed, threw some additional narcotics out the window, then fled on foot, before finally being apprehended by a team using a K9 dog. (PSR ¶ 11).

Hon. Kenneth M. Karas  Page 2
January 16, 2020

**B. Procedural History**

Newkirk was arrested on probable cause and detained on March 20; on April 16, 2019, he was indicted into the criminal case then pending against Marcus George, which charged George and Newkirk with conspiracy to distribute 100 grams and more of heroin from 2017 up to and including December 26, 2018; George with two substantive counts of possession of heroin and fentanyl with intent to distribute; and Newkirk with six substantive counts of possession of heroin and fentanyl with intent to distribute.  On September 10, 2019, Newkirk waived indictment, and pleaded guilty to the instant information pursuant to a plea agreement, which charges him with conspiracy to distribute 100 grams and more of heroin from 2017 up to and including March 20, 2019.  On October 16, 2019 this Court sentenced George to 70 months' incarceration.

**C. Presentence Investigation Report**

The Probation Office and the parties calculated the offense level as follows: a base offense level of 24, pursuant to U.S.S.G. §§ 2D1.1(a)(5) and (c)(8); and three levels removed for acceptance of responsibility, for a total offense level of 21.  (PSR ¶¶ 17–26).

Probation and the parties calculate that Newkirk has a long rap sheet, with 16 criminal history points, and is Criminal History Category VI, based on the following (PSR ¶¶ 28–32):

1. On July 28, 2015, Newkirk was sentenced to 2 years' imprisonment for Attempted Criminal Possession of a Controlled Substance in the Third Degree, in violation of New York Penal Law 220.16.  This sentence results in three criminal history points, pursuant to U.S.S.G. § 4A1.1(a).

2. On March 16, 2009, he was sentenced to two to four years' imprisonment for Burglary in the Third Degree, in violation of New York Penal Law 140.20.  This sentence results in three criminal history points, pursuant to U.S.S.G. § 4A1.1(a).

3. On May 25, 2007, he was sentenced to 1 year imprisonment for Attempted Criminal Possession of a Controlled Substance in the Fifth Degree, in violation of New York Penal Law 220.06.  This sentence results in two criminal history points, pursuant to U.S.S.G. § 4A1.2(b).

4. On July 28, 2005, he was adjudicated a youthful offender and sentenced to 16 months' to 4 years' imprisonment for Attempted Forgery in the Second Degree, in violation of New York Penal Law 170.10.  This sentence results in three criminal history points, pursuant to U.S.S.G. § 4A1.1(a).

5. On May 12, 2005, the defendant was adjudicated a youthful offender and sentenced to 16 months' to 4 years' imprisonment for Criminal Possession of a Narcotic Drug in the Fourth Degree, in violation of New York Penal Law 220.09.  This sentence results in three criminal history points, pursuant to U.S.S.G. § 4A1.1(a).

6. Because the defendant committed the offense while on parole for his July 2015 conviction, two criminal history points are added, pursuant to U.S.S.G. § 4A1.1(d).

The offense level and criminal history category calculated by Probation and the parties lead to a Guidelines range of 77 to 96 months' imprisonment. (PSR ¶ 70.)

The Probation Office has recommended that the Court sentence the defendant to 60 months' imprisonment. (PSR p. 18.)

**D.  A Guidelines Sentence is Warranted**

As the Court is well aware, the Sentencing Guidelines still provide strong guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). District courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Gall* v. *United States*, 552 U.S. 38, 49 (2007). As described *supra*, the Guidelines Range is 77 to 96 months' imprisonment.

Jadair Newkirk is a recidivist drug dealer: this is his fourth narcotics felony, and he committed it while on parole from his most recent previous narcotics conviction. He conspired with Marcus George and others to distribute large quantities of deadly heroin, in the midst of the ongoing national opioid crisis. Only a substantial incarceratory sentence with the Guidelines range is consistent with the 3553(a) factors, particularly the seriousness of the offense, the history and characteristics of the defendant, and to afford adequate deterrence. Heroin kills people and destroys communities. And Newkirk knows as well as anyone the consequences of dealing narcotics: prison. But his sentences to this point, 16 months' to 4 years, or 2 years, or 2 to 4 years, have not deterred him. And he commenced the instant offense just a few months after having been released to parole, exhibiting again his disrespect for the law.

Newkirk's arguments in support of his request for a sentence at the mandatory minimum of 60 months' are wholly unpersuasive. Newkirk grounds his criminal activity in the serious and ongoing travails of Newburgh, his hometown. (Newkirk Sentencing Memo at 1–2). The Government and this Court knows the problems of Newburgh all too well. But Newkirk elides his own role in making Newburgh a dangerous place filled with crack and heroin. Whatever the circumstances of Newkirk's upbringing in the city in the 1980s and 1990s, his actions throughout his adult life have made it more likely that young people being raised in Newburgh today will suffer from the same "crime-ridden, low-income neighborhoods."

Newkirk also requests leniency based on his lack of a positive male role model growing up. But again, he has inflicted a similar harm on his own child by his ongoing recidivist criminal activity.

Jadair Newkirk has lived a life of drug dealing, endangering his community and disrespecting the law. This Court should recognize that pattern, and sentence him in a manner that recognizes his history and characteristics, the nature of the circumstances of the offenses, protects

Hon. Kenneth M. Karas　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4
January 16, 2020

the public, and affords adequate deterrence: namely, a substantial period of incarceration within the Stipulated Guidelines Range of 77 to 96 months' imprisonment.

                            Respectfully submitted,

                            GEOFFREY S. BERMAN
                            United States Attorney

                        By: /s Samuel L. Raymond
                            Samuel L. Raymond
                            Assistant United States Attorney
                            (212) 637-6519

cc: Michael D. Bradley, Esq. (via ECF)
    Margaret M. Shalley, Esq. (via ECF)